## PHYLLIS POLLOKOFF ET AL. *v.* MARYLAND NATIONAL BANK

[No. 187, September Term, 1979.]

*Decided November 13, 1979.*

The cause was argued before MORTON, COUCH and WEANT, JJ.

*Sheldon H. Braiterman,* with whom was *James D. Johnson* on the brief, for appellants.

*William J. Evans* for appellee.

COUCH, J., delivered the opinion of the Court.

The District Court of Maryland has original jurisdiction in actions in contract or tort where the amount claimed does not exceed $5,000.00. For such actions where the amount claimed

is at least $2,500.00, but below $5,000.00, the District Court and Circuit Court have concurrent jurisdiction at the election of the plaintiff. Annotated Code of Maryland, *Cts. & Jud. Proc.,* §§ 4-401 and 4-402.[1] Thus it would appear that a circuit court, or other trial court having general jurisdiction, has no original jurisdiction to try civil cases where the amount involved is less than $2,500.00. It is these jurisdictional provisions which have given rise to this appeal.

Appellants, Phyllis and Robert Pollokoff, opened a Premium Passbook account with Maryland National Bank, appellee, said account having a deposit term of five years with a maturity date of March 23, 1978. It appears that any funds in the account after the maturity date were to be either withdrawn or put in a regular passbook account. Appellants had funds in the premium account on March 23, 1978 but did not transfer these funds to a regular account, nor withdraw same, until May 19, 1978. Appellants requested the interest which had accrued from March 23, 1978 to May 19, 1978, which was denied by appellee. Thereafter, appellants sued appellee in the Superior Court of Baltimore City, on their own behalf and on behalf of all other persons similarly situated, for the accrued interest. Appellee responded to this action with a motion raising preliminary objection based on lack of jurisdiction inasmuch as the amount in controversy was below the monetary jurisdiction of the Superior Court so far as appellants were concerned and jurisdiction could not be obtained by the aggregation of claims of all members of the

---

1. "§ 4-401. *Exclusive original jurisdiction.*
   Except as provided in § 4-402, and subject to the venue provisions of Title 6, the District Court has exclusive original jurisdiction in: (1) An action in contract or tort if the debt or damages claimed do not exceed $5,000; . . . ."
   "§ 4-402. *Exceptions.*
   (a) *Equity cases.* — Except as provided in § 4-401, the District Court does not have equity jurisdiction.

   * * *

   (d) *Concurrent jurisdiction cases.* — Except in a case under paragraph (2), (4), (5), or (6) of § 4-401, the plaintiff may elect to file suit in the District Court or in a trial court of general jurisdiction, if the amount in controversy exceeds $2,500."

class similarly situated as appellants. Appellee's motion was subsequently granted, and this appeal ensued.

The sole issue before us is:

> "Under Maryland Rule 209, can the claims of individual class members to a class action suit brought in the Superior Court be aggregated so as to meet the Court's $2500 jurisdictional amount?"

Maryland Rule 209 a provides:

> "When there is a question of law or fact common to persons of a numerous class whose joinder is impractical, one or more of them whose claims or defenses are representative of the claims or defenses or all and who will fairly and adequately protect the interests of all may sue or be sued on behalf of all."

As noted above, the Superior Court of Baltimore City has no jurisdiction over civil cases where the amount involved is $2,500.00 or less, at least insofar as original jurisdiction is concerned. Thus appellants, as individuals, would have to have a claim involving more than $2,500.00 before invoking the jurisdiction of the Superior Court. The record reveals their claim only involves $27.62, therefore they, as individuals, could not bring their action in the Superior Court. In obvious recognition of this fact, appellants brought a "class action" and argue that by aggregating the claims of all the members of the class the jurisdictional amount of $2,500.00 is met. Appellee successfully countered by arguing that the claims could not be aggregated to overcome the jurisdictional hurdle.

The parties agree, and our research confirms, that this precise question has not been previously considered by an appellate court in Maryland and thus this is a case of first impression in this state. Appellants do cite *Sun Cab Co. .v. Cloud,* 162 Md. 419, 159 A. 922 (1932), as support for their argument. Our reading of that case, however, persuades us to the contrary. *Sun Cab* involved an action in equity for an injunction restraining a referendum on a recently passed legislative act; the complainants (taxpayers) brought the

action on their behalf and other taxpayers. Appellant intervened and demurred to the bill raising, in part, the right of complainants as taxpayers to relief because they showed no special injury distinct and peculiar to themselves. The trial court overruled the demurrer and the Court of Appeals, in affirming this ruling, stated:

"The property loss to them, or the loss of civil rights, which according to our rules must be established as a foundation for the interposition of a court of equity, may be small, when apportioned among them. Probably the loss to one taxpayer in any such proceeding seldom amounts to twenty dollars, the minimum of the debt or damage which a court of equity may consider. Code, art. 16, sec. 109; *Kenneweg v. Allegany County,* 102 Md. 119, 62 A. 249, 250. But, when a suit is instituted by one or more taxpayers in representation of all, the case is quite different. The amount involved and sought to be protected is then the total amount of loss to taxpayers, or the total amount which may be wrongfully expended. In *Kenneweg v. Allegany County, supra,* cited against the maintenance of the present suit, a single taxpayer was the complainant, and, as the court observed, he 'does not sue in behalf of himself and other taxpayers who may be similarly situated, * * * but he sues alone, in his own name and his own behalf.' His loss alone was too small to come within the statutory limitation, the court held. But a bill filed in the name of one or more of the taxable inhabitants for themselves and all others similarly situated the court should regard as 'in the nature of a public proceeding to test the validity of the corporate acts sought to be impeached and deal with and control it accordingly.' 4 *Dillon, Municipal Corporations* (5th Ed.), sec. 1587; *Kelly, Piet & Co. v. Baltimore,* 53 Md. 134, 141. Therefore the conclusion of the court is that the taxpayers' suit may be maintained in this instance."

*Id.* at 427. We believe this case is factually inapposite here. In the instant case we are not dealing with a taxpayer's suit nor a case where appellants can get no relief.

It has been stated many times that since Maryland's Rules of Procedure were patterned after the Federal Rules of Procedure, *federal cases interpreting comparable rules,* while not binding, are indeed persuasive authority. The Supreme Court has had two occasions to deal with the comparable federal rule on class actions — Rule 23 (b) (3). In *Snyder v. Harris,* 394 U.S. 332 (1969), and *Zahn v. International Paper Company,* 414 U.S. 291 (1973), it was flatly held that separate claims of class members may not be aggregated to meet monetary jurisdictional requirements where diversity of citizenship was the basis for jurisdiction. While appellants argue in their brief that if Md. Rule 209 does not permit the filing of class actions in a court of general trial jurisdiction because of the prohibition of aggregation claims to meet the monetary jurisdiction of the court, then effectively the rule means nothing. This is so, appellants argue, because the District Court is incapable, administratively, of handling a class action. Whatever merit this argument may have, we believe this is the wrong forum to give relief. In our view appellants should seek relief — if relief is justified — (*see Johnson v. Chrysler Credit Corp.,* 26 Md. App. 122, 337 A.2d 210 (1975)) from the Legislature or from the Court of Appeals through a rule change.

We hold, therefore, that in order to satisfy the jurisdictional requirements of the Maryland Code, Cts. & Jud. Proc., §§ 4-401 and 4-402, a plaintiff may not aggregate the claims of all other members of a class, similarly situated.

*Judgment affirmed.*
*Costs to be paid by appellants.*